592 So.2d 1210 (1992)
L.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00759.
District Court of Appeal of Florida, Second District.
January 22, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
L.M., a juvenile, was found guilty of contempt of court for running away from Plantation House, a residential home for juveniles. On appeal, L.M. argues that the court did not have authority to sentence her to county jail for two days as punishment for the contempt. We agree and vacate appellant's sentence.
L.M. had run away from Plantation House before. At the hearing concerning that earlier episode, the court had told L.M. that, as punishment, he would sentence her to county jail for two days, but would suspend the sentence on the condition that she not run away from Plantation House again. When she ran away again, the court imposed the two-day county jail sentence.
L.M. argues that the court did not have the authority to sentence her to county jail. Although she cites the incorrect statute in support of her position, application of the correct statute leads to the same result.
The prior applicable statute, section 39.111(7), Florida Statutes (1989), was repealed, effective October 1, 1990, by section 17, chapter 90-208. Under that section, the court could not sentence a contemptuous juvenile to secure detention, but could impose a county jail sentence after making certain findings. See also T.D.L. v. Chinault, 570 So.2d 1335 (Fla.2d DCA 1990).
*1211 On October 1, 1990, however, that section was repealed and the legislature enacted section 39.044(10), Florida Statutes (Supp. 1980). Although the new statute allows juveniles to be placed in secure detention, it sets up procedural safeguards that a court must follow before doing so. It also specifically prohibits their placement in jail or other facilities intended for adults. Because L.M. was sentenced in February 1991, this new statute must be applied.
The court's order placing L.M. in county jail for two days thus violates the statute then in effect and, accordingly, we must reverse and remand for resentencing under the appropriate statute.
RYDER, A.C.J., and ALTENBERND, J., concur.